BENJAMIN J. HORTON, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 941.—*Sometido:* Noviembre 24, 1934. *Resuelto:* Enero 25, 1935.

*José Sabater,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En el caso civil No. 17090 seguido por Benjamin J. Horton en la Corte de Distrito de Mayagüez contra Desideria Torres viuda de Mari, dicha corte dictó una orden que dice:

"ORDEN.—Vista la moción que antecede y los méritos de la misma, y apareciendo del récord que Andrés Orsini y Rodríguez fué advertido por los edictos que se publicaban que si no reclamaba sus derechos el día de la subasta se procedería a cancelar en el Registro de la Propiedad su anotación de embargo, y toda vez que el importe de la subasta verificada por el demandante Benjamin J. Horton no fué suficiente a cubrir su reclamación, LA CORTE ordena al Secretario

que expida un Mandamiento dirigido al Registrador de la Propiedad de San Germán, a fin de que este funcionario proceda a cancelar totalmente en sus libros la anotación de embargo existente sobre la finca rematada a favor de Andrés Orsini y Rodríguez, y que se cancele asimismo cualquier anotación que originara el contrato agrícola que motivó la acción No. 17,162 de esta propia Corte de Distrito, y cuyo contrato se constituyó por *affidavit* No. 1118 de fecha 2 de abril de 1930 ante el Notario Emilio Forestier Gregory. Mayagüez, P. R., octubre 9, 1934. Firmado: Charles E. Foote, Juez de Distrito."

En cumplimiento de la misma, el secretario de la corte expidió un mandamiento dirigido al registrador de la propiedad de San Germán en el que se transcribe íntegra la orden, se describe la finca de que se trata y se requiere a dicho funcionario para que proceda a practicar la cancelación ordenada.

Y presentado el mandamiento en el registro a los solos efectos de la cancelación del embargo, causó la siguiente nota:

"DENEGADO el documento que precede, sólo en cuanto a la cancelación del embargo trabado por Andrés Orsini, de que se solicitó inscripción por no aparecer aún inscrita la finca subastada a nombre de Benjamin J. Horton, sin que tampoco se haya traído a la vista la correspondiente escritura de venta judicial o los documentos objeto del procedimiento, como complementarios, por lo menos, a dicho mandamiento de cancelación, justificativos de tales importantes antecedentes, a fin de ser calificados juntamente con dicho mandamiento para venir en conocimiento si en los procedimientos seguidos por el Márshal en dicha subasta, fueron observadas las formalidades de Ley, toda vez que no prevalece la presunción legal de que todo ello se haya hecho en debida forma, sino que incumbe al comprador en dicha subasta probarlo al Registrador con documentos auténticos, D.P.R. tomo 21, página 554, y además porque tales antecedentes deben constar en el Registro para conocimiento y garantía de compradores subsiguientes, D.P.R. tomo 22, páginas 339, 755 y 758; D.P.R. tomo 1, página 278, D.P.R. tomo 36, página 316, TOMÁNDOSE en su lugar ANOTACIÓN PREVENTIVA. . ."

No conforme Benjamin J. Horton, interpuso el presente recurso gubernativo.

Hemos examinado las decisiones invocadas por el Registrador para sostener su nota. La del tomo I debe estar equivocada, pues la que aparece a la página citada no guarda relación con el caso. A las páginas 237 y 462 del tomo I de las Decisiones de Puerto Rico, por Castro, se encuentran los casos de *Catalán* v. *Uriarte et al.* y *Criado* v. *Battistini*, respectivamente, que interpretan el artículo 83 de la Ley Hipotecaria, pero que no resuelven en verdad la exacta cuestión envuelta en este caso, como tampoco la resuelven las otras decisiones citadas ya que aquí no se trata de la inscripción de una venta judicial sino de la cancelación de un embargo anotado en el registro.

La Ley Hipotecaria en su indicado artículo 83 prescribe:

"Si constituída una inscripción o anotación por providencia judicial convinieren válidamente los interesados en cancelarla, acudirán al Juez o al Tribunal competente por medio de un escrito manifestándolo así, y después de ratificarse en su contenido, si no hubiese ni pudiese haber perjuicio para tercero, se dictará providencia ordenando la cancelación.

"También dictará el Juez o el Tribunal la misma providencia cuando sea procedente, aunque no consienta en la cancelación la persona en cuyo favor se hubiese hecho la inscripción o anotación.

"Si constituída la inscripción o anotación por escritura pública procediere su cancelación y no consintiere en ella aquél a quien ésta perjudique, podrá el otro interesado demandarlo en juicio declarativo."

Anotado el embargo por providencia judicial, pudo, pues, ordenarse su cancelación por la propia autoridad judicial, como aquí se hizo. El registrador no sostiene que la corte actuara sin jurisdicción. Cree al parecer que no puede cancelar sin que antes se haya inscrito la venta judicial y sin tener a la vista los documentos que le permitan formar juicio acerca de la legalidad o ilegalidad de los procedimientos que culminaron en la venta en pública subasta.

No tiene razón a nuestro juicio. El recurrente no estaba obligado a inscribir primero la escritura de compra de la finca de que se trata. Se dirigió a la corte dentro del pleito

que iniciara contra el dueño de la misma y le pidió que ordenara específicamente la cancelación de cierto embargo que sobre la finca pesaba y la corte juzgando los méritos de su petición accedió a lo solicitado.

"El artículo 18 de la Ley Hipotecaria", dijo esta corte por medio del Juez Presidente Sr. Hernández en el caso de *Ramírez* v. *Registrador,* 16 D.P.R. 348, "otorga a los registradores la facultad de calificar bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción o anotación, todos los documentos expedidos por la autoridad judicial; pero dicha facultad no les autoriza examinar los fundamentos de las resoluciones judiciales, ni apoyarse en la apreciación que hagan de la legalidad de esos fundamentos para el efecto de denegar la inscripción o anotación, por más que les sea permitido considerar si se han dictado con la necesaria competencia en el correspondiente juicio."

Esa doctrina ha sido seguida en repetidos casos. *Debe revocarse la nota recurrida.*

El Juez Asociado Sr. Wolf está conforme con el resultado.